UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| RACHEL L. KUNTZ, | ) | |
| R.O.B., *a minor*, | ) | |
| and ROSEANE KUNTZ, *deceased*. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:22-CV-34 |
| | ) | |
| | ) | |
| RANDAL LEWIS et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiffs have filed a pro se Complaint [Doc. 1] and an accompanying Motion [Doc. 2] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiffs are proceeding without counsel in this action.

I. **IN FORMA PAUPERIS SCREENING PROCESS**

The Court is in receipt of a Motion for Leave to Proceed In Forma Pauperis. [Doc. 2]. The Court will now conduct the required review to determine whether Plaintiff qualifies to proceed without payment of fees. It is well-settled that indigent persons may seek leave to proceed in federal courts without first paying a filing fee. *See* 28 U.S.C. § 1915. The purpose of § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court

without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis* the petitioner must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that because of poverty the petitioner cannot afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the case at hand, the Court has considered the Application to Proceed Without Prepayment of Fees and has determined that Plaintiff Rachel Kuntz personally meets the requirements for proceeding *in forma pauperis*. As such, the Application to Proceed Without Prepayment of Fees [Doc. 2] is **GRANTED** to the extent it seeks to permit Plaintiff Rachel Kuntz to proceed in forma pauperis; however, the Court **RECOMMENDS** the Motion be **DENIED** to the extent it seeks in forma pauperis status for the minor plaintiff and the deceased plaintiff. As to the minor, the Court notes that caselaw disallows suits on behalf of minors that are brought pro se. *Smith v. Dobbs Bros. Mazda*, No. 06-2422-B/V, 2006 WL 3624332, at *2 (W.D. Tenn. Dec. 8, 2006) (explaining that the guardian of a minor may only bring a suit on the minor's behalf when acting through counsel). As to the deceased Plaintiff, the Court notes that § 1915 applies only to natural persons—which has been construed to exclude suits brought on behalf of estates. *See Gray*

*v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 196, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)).

Because Plaintiff Rachel Kuntz personally qualified to proceed in forma pauperis, the Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1] The Court recommends that Plaintiff Rachel Kuntz's claim not proceed for the reasons stated below.

## II.  FACTUAL ALLEGATIONS

Plaintiff Rachel Kuntz (hereinafter Plaintiff) has filed suit against Carter County Trustee Randal Lewis, Andrea Lewis, and Chad Lewis. Plaintiff alleges that her signature was forged on a power of attorney. She further alleges that Randal Lewis lost a power of attorney, without saying whether it is the one on which she claims her signature was forged, claiming that this lost document proves forgery, fraud, and kidnapping. Plaintiff contends that because he lost this document, she and others who she does not name were placed in the witness protection program. Plaintiff further asserts that her attackers are the very people looking over her. Plaintiff accuses named Defendants of the following criminal and tortious acts: juvenile sex trafficking, online bullying, assault, malicious wounding, child enticement, casual exchange, contributing to a minor, criminal impersonation, robbery, vandalism, vehicular assault, identity theft, bartering, foul play, fraud,

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

child negligence, medical records altering, witness tampering, and prescription theft. Plaintiff does not include any facts to demonstrate when and how these alleged misdeeds occurred. Plaintiff asserts that Defendants are responsible for the death of her mother, Roseanne Kuntz, who Plaintiff claims was revived on February 8 and then died on February 15, but she does not explain what Defendants did to cause Ms. Kuntz's death. Plaintiff further asserts that the wrongdoing led to the illegal confiscation of everything she owned including Bibles, an ultrasound, family photos, and personal memorabilia.

Plaintiff seeks dental, vision, and medical attention as well as therapy to compensate her for what she claims to be malicious wounding with intent. Additionally, Plaintiff requests $250,000 to compensate her for defamation and seeks the return of her confiscated possessions.

## III. LEGAL ANALYSIS

### a. Leniency afforded to pro se litigants

Because Plaintiff Rachel Kuntz is proceeding pro se, the Court will liberally construe her claims. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the

improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)).

Here, Plaintiff Rachel Kuntz sets forth serious allegations against named Defendants but does not provide any facts which, if taken as true, would support the allegations. Instead, the Court can only speculate as to how Defendants' alleged conduct might have resulted in the harm Plaintiff claims. Moreover, given the nature of the allegations, the Court does not find that providing Plaintiff with an opportunity to amend her Complaint is likely to cure the deficiencies noted. As such, the Court must recommend that the complaint not proceed beyond the screening phase.

## IV. CONCLUSION

For the reasons set forth above, Rachel Kuntz may not seek in forma pauperis status on behalf of the named minor and the named decedent. As such, is **RECOMMENDED** that the Motion to Proceed In Forma Pauperis [Doc. 2] be **DENIED** as to Plaintiff R.O.B. and Plaintiff Roseanne Kuntz. It is further **RECOMMENDED** that the suit brought on behalf of each be **DISMISSED** without prejudice. The Court has also screened the content of the Complaint as it relates to Plaintiff Rachel Kuntz and has determined that it fails to adequately set forth a claim upon which relief may be granted. Because the Court finds that providing Plaintiff with an opportunity to file an amended complaint would not cure the identified deficiencies, it is **RECOMMENDED** that Plaintiff Rachel Kuntz's Complaint [Doc. 1] be **DISMISSED** with prejudice.

This Report and Recommendation is now to be presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters

proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).